IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TION KIMBROUGH,

        Petitioner,

v.                                     Civil Action No. 5:18cv133
                                            (Judge Stamp)

MR. ENTZEL,

        Respondent.

## REPORT AND RECOMMENDATION

On August 15, 2018, the *pro se* petitioner initiated this case by filing an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. In the petition, the petitioner asserts that the Bureau of Prisons ("BOP") has failed to properly compute his sentence and has failed to follow the directive of the state sentencing judge. This matter is before the undersigned for a preliminary review and Report and Recommendation pursuant to LR PL P 2.

### I.    FACTUAL BACKGROUND

The petitioner was arrested on January 8, 2009, and questioned in relation to an armed statutory burglary that occurred in the City of Richmond on January 5, 2009. While being interrogated by the Richmond Police Department, the petitioner was shown still photographs taken from the surveillance tapes of a SunTrust Bank robbery that had occurred on January 5, 2009, and a Wachovia Bank robbery that occurred on December 19, 2008. The petitioner confessed to being responsible for both crimes.

On January 9, 2009, the petitioner was charged in the Circuit Court for the City of Richmond with two counts of bank robbery, use of a firearm, and armed statutory

burglary. The two counts of bank robbery were *nolle prossed* on June 10, 2009, after an agreement was reached between federal and state prosecutors that the same charges would be pursued in federal court. On July 9, 2009 a Federal Grand Jury in the Eastern District of Virginia ("EDVA") indicted the petitioner on two counts of bank robbery.

The statutory burglary charge remained in the State court, and, on January 13, 2010, the petitioner entered a plea of guilty to that charge. The State court sentenced the petitioner to 20 years imprisonment with 10 years suspended, upon condition of 20 years of good behavior. The State court also ordered that one year of the active incarceration that it imposed was to run concurrently with "any time the defendant may [receive] in Federal Court [regarding] the bank robbery that occurred at the SunTrust Bank located at 3022 West Broad Street in the City of Richmond on January 5, 2009."

While serving his state sentence, the petitioner became aware of the federal detainer lodged against him and took the necessary action under the Interstate Agreement on Detainers Act to be brought to federal court to answer to the Indictment. As a result, on June 13, 2014, a Writ of Habeas Corpus ad Prosequendum was issued in the EDVA, and on June 17, 2014, the petitioner made his initial appearance in that court.

On August 13, 2014, the petitioner entered a plea of guilty to Count Two of the Indictment: the robbery of SunTrust Bank on January 5, 2009. In his response to the Presentence Report ("PSR"), the petitioner made the Court aware of the State court's order that one year of the state sentence should run concurrently with any federal sentence imposed. Based on that order, the petitioner requested the EDVA to order that one year of the federal sentence would run concurrently with the State sentence that he was already serving.

On October 27, 2014 the petitioner was sentenced by the EDVA to a term of 75 months. The government requested that the entirety of the sentence run consecutive to, and not concurrently with, the State court sentence. Fully aware of the State court's disposition of its own case against the petitioner on the statutory burglary charge, the EDVA found that a fully consecutive sentence was appropriate, and therefore ordered that the full length of the federal sentence run consecutive to the term of imprisonment that the defendant was serving in state system. The EDVA additionally ordered that the petitioner be placed on supervised release for three years, pay a special assessment of $100 and pay $3621.44 in restitution.

Subsequently, the petitioner returned to the Circuit Court for the City of Richmond for a writ of Corum Vobis, requesting that the State court's judgment be modified to compensate for that court's original unfulfilled expectation that the final year of the petitioner's state sentence would run concurrent to the federal sentence. The State court granted his motion and entered the following order:

> On motion of the defendant and by agreement of the Commonwealth, the Court hereby grants the Defendant's motion for a writ of Coram Vobis and modifies [its] order of January 13, 2013, to specify that one year of defendant's active sentence in state case number CR-09-1822 shall run concurrent to the sentence imposed in United States District Court on October 29, 2014 in federal case number 3:09CR220-001.

ECF No. 1-9 at p. 1.

On the basis of that order, the petitioner contacted the Virginia Department of Correction seeking to have his release date advanced from April 2, 2018 to April 2, 2017. The Bureau of Prisons rejected the Petitioner's request, deferring to the order entered by the EDVA which ordered that the full length of the federal sentence run consecutive to

3

the state term.

On June 6, 2016, the petitioner filed a letter with the EDVA requesting reconsideration and modification of his sentence. More specifically, the petitioner requested that one year of his federal sentence be ordered to run concurrent with the State sentence. The petitioner predicated this request for relief under Fed. R. Crim. P. 36, which authorizes a Court "to correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or order admission."

In its initial response, the Government opposed this motion for modification of sentence. After the petitioner's Reply, however, the Government requested leave to file an additional brief explaining that, in light of the Writ of Coram Vobis issued by the State court, it did not oppose the Defendant's motion.

On October 19, 2016, the EDVA denied the petitioner's motion for reconsideration and modification of sentence. In entering its ruling, the EDVA noted that it was aware of the State court's disposition of its own case against the petitioner when imposing the federal sentence. Furthermore, the EDVA found that the record at sentencing confirmed that there was no clerical mistake in reducing the court's ruling into writing. Therefore, there was no Rule 36 "clerical error" for the court to correct.1

The petitioner entered the custody of the BOP on March 19, 2018. ECF No. 1-11. According to the BOP website, his current projected release date is July 23, 2023.

## II. CLAIMS OF PETITION

The petitioner, in effect, raises one issue in his petition.   Specifically, he alleges

---

1 Except where specific references are made to ECF numbers, the foregoing summary is taken from the Memorandum Opinion entered by Robert E. Payne, United States District Judge for the

that Federal Bureau of Prisons has unlawfully computed his sentence and failed to follow the state sentencing judge's stipulation regarding the same. For relief, the petitioner requests that this Court run one year of his state sentence concurrently with his federal sentence so that he can benefit from his state court sentence.

When he completed his habeas petition on August 10, 2018, the petitioner acknowledged that he did not raise the facts in relation to his petition in the prison's internal grievance procedure. ECF No. 1 at 7. On October 1, 2018, the Petitioner filed what purports to be evidence that he has exhausted his administrative remedies. It is clear from the exhibits, that he did not begin the formal administrative process until August 14, 2018, when he filed a BP-9 with the warden. Moreover, his BP-10 was rejected by the Mid-Atlantic Regional Office on September 19, 2018, and there is no evidence that he refiled the same within 10 days as directed, or that he filed a BP-11 with the Central Office. ECF No. 12-1. Therefore, it is clear that the petitioner did not exhaust his administrative remedies before he filed the instant petition on August 15, 2018.

### III.  Analysis

To the extent that exhaustion has been applied to habeas corpus, such a requirement is not mandated by statute. Instead, exhaustion prerequisites in habeas corpus actions arising under § 2241 are merely judicially imposed. See, e.g., Martinez v. Roberts, 804 F.2d 570 (9th Cir. 1996) (federal inmates are required to exhaust their administrative remedies prior to filing a 2241 petition); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3rd Cir. 1996) (same); McCallister v. Haynes, 2004 WL 3189469

---

Eastern District of Virginia. See Criminal Action No. 3:09cr220-REP, ECF No. 43.

(N.D.W.Va. 2004) (same). Because the exhaustion requirement is only judicially imposed in habeas proceedings, it follows that a Court has the discretion to waive that requirement in certain circumstances. See LaRue v. Adams, 2006 WL 1674487 *8 (S.D.W.Va. June 12, 2006) (citing Smith v. Angelone, 111 F.3d 1126, 1129-31 (4th Cir.) cert. denied, 521 U.S. 1131 (1997)). Indeed, a number of courts have found that the exhaustion requirement may be waived where the administrative process would be futile. See id. at *5-*7.

However, even in cases where the administrative process is unlikely to grant an inmate relief, Courts have enforced a longstanding policy favoring exhaustion. See Alexander v. Hawk, 159 F.3d 1321, 1327-28 (11th Cir. 1998). In particular, it has been noted that the following policies are promoted by requiring the exhaustion of administrative remedies: "(1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources . . . ; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that 'frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.'" Id. at 1327 (citation omitted).

In this case, the petitioner has not exhausted his administrative remedies. However, exhaustion of administrative remedies would clearly be appropriate in this instance given that the BOP is charged with the responsibility of sentence computation and has expertise in this area. See United States v. Wilson, 503 U.S. 329, 112 S.Ct.

1351 (1992) (the Attorney General, through the BOP, has the responsibility for administering federal sentences); United States v. Lucas, 898 F.2d 1554 (11th Cir. 1990) (the power to grant jail time credit lies exclusively with the Attorney General).  Moreover, the record now before this Court is devoid of the necessary facts by which this Court needs to accurately assess the legitimacy of the petitioner's claims.  By requiring the petitioner to attempt resolution of his claim within the Bureau's administrative remedy process, the Court would be promoting many of the policies which underlie the exhaustion principle.  For example, the administrative remedy process could develop the necessary factual background upon which the petitioner's claim is based, allow the BOP the opportunity to exercise its discretion and apply its expertise in this area, conserve scarce judicial resources, give the BOP a chance to discover and correct its own possible error, and avoid the deliberate flouting of the administrative process.

### IV.     Recommendation

For the foregoing reasons, the undersigned recommends that the petitioner's § 2241 petition be **DISMISSED without prejudice** for the failure to exhaust administrative remedies.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.   28 U.S.C. §

636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. Upon entry of this Report and Recommendation, the Clerk of Court is further **DIRECTED** to terminate the magistrate judge association with this case.

DATED: October 24, 2018

*/James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE