IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TION KIMBROUGH,

    Petitioner,

v.                                                      Civil Action No. 5:18CV133
                                                                    (STAMP)

MR. ENTZEL,

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**
**AND OVERRULING PETITIONER'S OBJECTIONS**

I. <u>Procedural History</u>

The <u>pro se</u>[1] petitioner, Tion Kimbrough ("Kimbrough"), a federal inmate formerly incarcerated at F.C.I. Hazelton and now designated to U.S.P. Leavenworth, filed a petition for habeas corpus under 28 U.S.C. § 2241. ECF No. 1. The action was referred to United States Magistrate Judge James E. Seibert and then reassigned to United States Magistrate Judge James P. Mazzone for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. The magistrate judge filed a report and recommendation recommending that petitioner's § 2241 petition be dismissed without prejudice for failure to exhaust administrative remedies. ECF No. 13. The magistrate judge informed the parties that if they objected to any portion of the

---

[1] "<u>Pro se</u>" describes a person who represents himself in a court proceeding without the assistance of a lawyer. <u>Black's Law Dictionary</u> 1416 (10th ed. 2014).

report and recommendation, they were required to file written objections within 14 days after being served with copies of the report.[2] The petitioner filed objections. ECF No. 14.

## II. Background

In his petition, petitioner asserts that the Federal Bureau of Prisons has unlawfully computed his sentence and failed to follow the state sentencing judge's stipulation regarding the same. For relief, the petitioner requests that this Court run one year of his state sentence concurrently with his federal sentence so that he can benefit from his state court sentence. ECF No. 1.

United States Magistrate Judge James P. Mazzone entered a report and recommendation. ECF No. 13. The magistrate judge noted that when the petitioner completed his habeas petition on August 10, 2018, the petitioner acknowledged that he did not raise the facts in relation to his petition in the prison's internal grievance procedure. ECF No. 1 at 7. In addition, the magistrate judge noted that on October 1, 2018, the petitioner filed what purports to be evidence that he has exhausted his administrative remedies. Specifically, the magistrate judge found that it is clear from the exhibits that petitioner did not begin the formal

---

[2]This Court notes that the magistrate judge's report and recommendation erroneously advises the parties the submit objections to the "Honorable John Preston Bailey, United States District Judge." ECF No. 13 at 7. The undersigned judge, however, has appropriately received and reviewed petitioner's objections to the report and recommendation (ECF No. 14).

2

administrative process until August 14, 2018, when he filed a BP-9 with the warden. Further, the magistrate judge concluded that petitioner's BP-10 was rejected by the Mid-Atlantic Regional Office on September 19, 2018, and that there is no evidence that petitioner re-filed the same within ten days as directed, or that petitioner filed a BP-11 with the Central Office. ECF No. 12-1. Therefore, the magistrate judge found that it is clear that the petitioner did not exhaust his administrative remedies before he filed the instant petition on August 15, 2018. For the foregoing reasons, the magistrate judge recommended that the petitioner's petition for habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) be denied and dismissed without prejudice for the failure to exhaust administrative remedies. ECF No. 13 at 7.

The petitioner filed timely objections. ECF No. 14. At the time of his objections, petitioner was designated to F.C.I. Hazelton. In his objections, the petitioner states: "I understand and know why [the Court] dismissed my [§] 2241, because I didn't [e]xhaust the whole Administrative Remedy Process." ECF No. 14 at 1. Petitioner further states: "I know the whole Administrative Remedy Process and I know that I needed to have that process done before sending [the Court] my [§] 2241." Id. However, petitioner continues by asserting that he only has access to one counselor who handles the administrative remedy process, and that he has filed seven BP8's through the system and has not once received a

3

response.  Petitioner adds that his rights have been violated and he has not been able to get staff to respond to his grievances because the institution was under investigation.  Id.

Petitioner then filed a letter stating that he "went back and started the administrative remedy process over," and another letter updating his address and informing the Court that he has been transferred to Leavenworth, Kansas.  ECF Nos. 16, 17.  In the second letter, petitioner states that he was in the process of exhausting his administrative remedy and asks if he can send his § 2241 petition to the Court after he exhausts his administrative remedy.  ECF No. 17.  Petitioner then filed another letter again explaining that he was transferred and is attempting to exhaust the administrative remedy process.  ECF No. 18.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

### III.  Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made.  Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which the petitioner objected.  As to those findings to which objections were not filed, all findings and recommendations will be

upheld unless they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).  Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo.

## IV. Discussion

This Court has conducted a de novo review of the portion of the magistrate judge's report and recommendation concerning the plaintiff's failure to exhaust administrative remedies and finds that the plaintiff's failure to exhaust his administrative remedies cannot be excused.  As the magistrate judge correctly stated, courts have enforced a longstanding policy favoring exhaustion prerequisites in habeas corpus actions arising under § 2241 in order to promote important policies such as developing the necessary factual background upon which the petitioner's claim is based, allowing the Federal Bureau of Prisons ("BOP") the opportunity to exercise its discretion and apply its expertise in this area, conserving scarce judicial resources, giving the BOP a chance to discover and correct its own possible error, and avoiding deliberate disregard for the administrative process.

In this case, this Court finds that the petitioner has not exhausted his administrative remedies.  Further, exhaustion of administrative remedies would clearly be appropriate in this instance given that the BOP is charged with the responsibility of sentence computation and has expertise in this area.  See United

States v. Wilson, 503 U.S. 329, 112 S. Ct. 1351 (1992) (the Attorney General, through the BOP, has the responsibility for administering federal sentences); United States v. Lucas, 898 F.2d 1554 (11th Cir. 1990) (the power to grant jail time credit lies exclusively with the Attorney General). Moreover, as the magistrate judge properly found, the record now before this Court is devoid of the necessary facts by which this Court needs to accurately assess the legitimacy of the petitioner's claims.

Thus, this Court finds that it is appropriate to uphold the magistrate judge's recommendation, overrule the petitioner's objections to the report and recommendation and dismiss the petition without prejudice.

## V. Conclusion

For the reasons discussed above, the report and recommendation of the magistrate judge (ECF No. 13) is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is DENIED and DISMISSED WITHOUT PREJUDICE, and the petitioner's objections (ECF No. 14) are OVERRULED.

It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he

must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se petitioner by certified mail.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    January 14, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE